JOHN W. MARTIN *v.* A. J. MARSHALL.

*Bill and Notes.   Indorsers.   Contribution.   Negotiable
Instruments.   Parol Evidence.*

1. In an action between indorsers for contribution, there can be no recovery, where the defendant indorsed the note at the request and for the benefit of the plaintiff, who had agreed with the maker of the note, for the consideration of $24 to raise the money on it; and the note had been delivered to him for that purpose; and he procured the defendant's endorsement to assist him in getting it discounted.

2. Parol evidence is admissible to prove the true relation between indorsers; and an apparent surety may be shown to be a principal, and an apparent principal a surety.

GENERAL ASSUMPSIT.   Pleas, general issue, and Statute of Limitations.   Trial by court, December Term, 1886, TAFT, J., presiding.   Judgment for the defendant.

It appeared that the Middlebury Paper Company, being indebted to the defendant to the amount of more than $1,400 on a coal bill of over four months' standing, and being in failing circumstance and desirous of obtaining a loan of money with which to meet its liabilities and carry on its business, made its promissory note for $2,000, dated December 17, 1873, payable to the order of the plaintiff, thirty days after date, at the National Bank of Middlebury, Vermont; and the members of said company, Oliver Severance, Edwin R. Clay, and George Hammond, together with A. J. Severance, having indorsed their names on the back of the same, the president of said company, said Oliver Severance, in its behalf, procured the plaintiff, who had been in the habit of indorsing commercial paper for the accommodation of said company, for the consideration of $24, to raise the money for the

company upon said note, which was delivered to the plaintiff for that purpose.

The plaintiff offered said note at said bank for discount, but said bank refused to discount it without additional indorsers; and the plaintiff subsequently applied to the defendant, stating that he wanted to get the note discounted and wanted the defendant's indorsement.

The court found, as matter of fact, that the note was signed upon the back thereof by Marshall when it was presented to him for signature by the plaintiff, and that he put his name upon the note at the solicitation of Martin, supposing at the time that the principals upon the note were the paper company, Clay, Severance and Hammond; that Martin took the note to Marshall for that purpose, and asked him to indorse it; that Martin told Marshall that he wanted to get the note discounted, and wanted Marshall's indorsement in order to assist him in doing so.

The plaintiff thereafterwards procured said note to be discounted by said bank, and gave the proceeds, less $24, the consideration aforesaid, to the company.

The paper company having paid about $600 on the note, the bank brought suit against the plaintiff for the balance due thereon, returnable at the December Term, 1879, of Addison County Court, and at the June Term, 1880, of that court, recovered judgment against him in said suit for $1,937.46 damages and $21.86 costs, which sums were paid by the plaintiff, who had been duly charged as indorser, to the bank, soon afterwards, in the year 1880.

The plaintiff's name was written on the back of the note under the name of the defendant.

*Hard & Cushman*, for the plaintiff.

Upon the defendant's theory that the supposed undertaking resulted from the plaintiff's request, etc., it is within the Statute of Frauds. Bro. Fr. s. 122.

If, at the time of the alleged request and signing by the

defendant, the plaintiff had already become liable upon the paper, the case would be different, and no written promise by him would be necessary; but such was not the fact, and consequently any undertaking of the plaintiff looking to the defendant's indemnity was simply collateral to the undertaking of the parties previously liable upon the paper, who (except A. J. Severance), as respects the defendant, and as the real fact was, were principals, and received the proceeds of the note when it was discounted. 1 Smith, Lead. Cas. (6th Am. ed.), 478, 479; *Holmes* v. *Knights*, 10 N. H. 175.

In *Bagott* v. *Mullen*, 33 Ind. 332, the court says: "In all these cases there was something more than a mere request by one surety to another to execute the note or paper. There was either a promise, written or verbal, to indemnify, or a taking security from the principal, and from either of these circumstances the court held such surety released from contributions."

In *McKee* v. *Campbell*, 27 Mich. 497, the court says: "The law implies from all joint obligations a *prima facie* liability to contribution, which may be overcome by showing that one is bound to protect the other. This may be either because he is a principal debtor on his own account, or because he has undertaken to save the other harmless."

But the mere request to another to join him as co-surety would, upon all ordinary rules of construction, mean that he was to enter upon the same responsibilities, and become bound on equal terms. See *Burnett* v. *Millsaps*, 59 Miss. 333.

Proof that one of several sureties signed at the request of the others will not, therefore, exonerate him from contribution; it should at least appear that they promised to save him harmless in any event. 1 Lead. Cas. Eq. 160–168.

The location and form of the defendant's signature upon the note, *prima facie* at least, subjects him to the liability of a maker. *Nash* v. *Skinner*, 12 Vt. 219, 227; *Strong* v. *Ricker*, 16 Vt. 554, 557; *Flint* v. *Day*, 9 Vt. 345, 347; *Sylvester* v. *Downer*, 20 Vt. 353, 358.

He stands in the same relation to the plaintiff as any maker of a note to an indorser. Story, Prom. Notes, ss. 134, 135; 1 Dan. Neg. Inst. s. 666; *Kelly* v. *Burroughs*, 3 Cent. Rep. 187; 102 N. Y. 93; 1 Lead. Cas. Eq. 162, 164; *Sweet* v. *McAllister*, 4 Allen, 353.

*Stewart & Wilds*, for the defendant.

The defendant appearing to have indorsed the note before the payee renders the indorsement irregular, and as to third parties relying upon the appearance of the note, many and various are the conflicting presumptions of law entertained by various courts as to the quality of the indorser's obligation. But these presumptions have no place in this discussion. This suit is between the very parties to the endorsement. And the case shows: 1. That it was the plaintiff's duty, voluntarily assumed for a valid consideration, to raise the money on this note for the company. 2. That the defendant lent his signature to the plaintiff solely at the latter's solicitation. 3. That it was solely for the plaintiff's accommodation. 4. That it was totally without consideration to the defendant. Rob. Dig. p. 93, s. 18; *Sylvester* v. *Downer*, 20 Vt. 358; 2 N. E. Rep. 706, note; *Montgomery* v. *Edwards*, 46 Vt. 151; *Strong* v. *Dodds*, 47 Vt. 354.

The opinion of the court was delivered by

POWERS, J. The note in form was executed by the Middlebury Paper Company, bearing the endorsement of its individual members, to the order of the plaintiff. The maker of the note made a contract with the plaintiff, for the consideration of $24, to raise the money for the company upon said note. To carry out his contract the plaintiff procured the defendant's endorsement of the note.

The defendant endorsed the note for the plaintiff's benefit, not for that of the company. As between the parties, the defendant came into the relation of a surety for the plaintiff, and the plaintiff was bound to indemnify the defendant against loss

by reason of his endorsement.   As between the parties to the endorsement upon the note, parol evidence may be received to show their true relation to each other.   An apparent surety may be shown to be a real principal, and an apparent principal may be shown to be a real surety.

The defendant having signed merely for the accommodation of the plaintiff, is not liable to contribution, as the plaintiff, so far as the defendant is concerned, has paid his own debt.

Judgment affirmed.